

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 6, 1939

Hon. Loyd R. Kennedy
County Attorney
Cochran County
Morton, Texas

Dear Sir:

Opinion No. O-742
Re: Official ballot for the special election of county commissioner......................

Your request for an opinion on the following question

"What name or names should the official ballot for a special election of county commissioners, contain, when the only nominee is that of the Democratic party, and where in the general election the voter wrote the name of one who was not a nominee of any party, on the ballot which person received a majority of the votes cast at said general election, the general election having subsequently been held void by the District Court?"

has been received by this department.

From article 2978 of Vernon's Annotated Civil Statutes we quote as follows:

"At the top of the official ballot shall be printed in large letters the words, 'Official Ballot'. It shall contain a printed name of all candidates whose nominations for any elective office have been duly made and properly

certified. The names shall appear on
the ballot under the head of the party
that nominates them, except as other-
wise provided by this title. No name
shall appear on the official ballot
except that of a candidate who was ac-
tually nominated (either as a party
nominee or as a non-partisan or inde-
pendent candidate) in accordance with
the provisions of this title. * * * "

In addition to the facts heretofore
stated, you state that the Democratic Nominee
was duly certified by the Democratic Committee.
It is our opinion his name should be printed on
the ballot.

It is our opinion further, that the
person whose name was written into the ballot
on the general election, and who received a ma-
jority of the votes cast, should not have his
name printed on the ballot. This person was not
nominated as a party nominee or a non-partisan
or independent candidate, in fact, he was not
nominated at all. In Bounds v. McCallum, 52 SW
(2d) 1047, the court holds:

"That candidates of political
parties without state organization,
nominated for offices for which statute
does not authorize such party to make
nomination, are not entitled to have
their names printed on official gener-
al election ballot."

The election about to be held is a gen-
eral election for the purpose of electing a com-
missioner. This person, whose name was written
into the ballot in the general election, is not
only not a candidate of any political party with
out state organization, he is not a candidate of

any party. Nor has he complied with the statutes relating to non-partisan or independent candidates entitling him to have his name on the ballot in that capacity, according to the facts submitted to us. Such party is, therefore, not entitled to have his name printed on the ballot in the special election.

It is our opinion that under the facts as you have given them to us, the Democratic Nominee, and he alone, is entitled to have his name printed on the ballot.

We trust that this answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*
Fred C. Chandler
Assistant

FCC:emb

APPROVED:
*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *RR*
CHAIRMAN